

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*50 Main Street, Suite 1100*
*White Plains, New York 10606*

January 17, 2023

**BY ECF**

The Honorable Cathy Seibel
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:    *United States v. Guy Carter*, 22 Cr. 319 (CS)

Dear Judge Seibel:

    The Government respectfully submits this letter in advance of the sentencing of Guy Carter (the "defendant" or "Carter"). Carter pled guilty to an Indictment charging him with one count of possessing ammunition knowing he previously had been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The applicable range under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines") is 57 to 71 months' imprisonment. For the reasons explained below, a sentence within that Guidelines range would be sufficient but not greater than necessary to achieve the purposes of sentencing in this case.

**I.  Background**

    On or about May 4, 2022, close to midnight, Guy Carter, exited a store onto Lake Avenue in Yonkers. PSR at 4 ¶ 5.[1] As Carter walked down Lake Avenue, he happened upon a group of people engaged in a scuffle on the street. *Id.* Carter briefly became involved in the scuffle and then took off running eastbound on Lake Avenue. *Id.* Carter ran around the corner to a home, stood outside for less than a minute, had a conversation with a man outside the home, and then ran back to Lake Avenue. *Id.* Carter then went into the middle of the street, near to the spot where the scuffle was occurring, and fired a single shot in the air. *Id.* Law enforcement recovered a shell casing from the vicinity of where Carter fired the gun. PSR at 4 ¶ 4.

    At the time of the offense, Carter was not legally permitted to possess a gun or ammunition, because he had previously been convicted of multiple felonies. And Carter knew that he had been convicted of one or more felonies, because on or about October 5, 2012, Carter was convicted of

---

[1] Citations to the "PSR" refer to the Pre-Sentence Investigation Report prepared by the United States Probation Office in connection with this case. The Government notes that the paragraph numbering in the PSR is off after paragraph 5 at the top of page 4; indeed, there are two paragraph 5 entries on page 4. For clarity, the Government cites to the page and paragraph numbers as set forth in the PSR.

criminal possession of a firearm, in violation of NYPL 265.03(3), and was sentenced, on or about February 5, 2013, to 42 months in prison. PSR at 5 ¶ 9.

Carter was charged by Complaint dated May 17, 2022, with one count of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), in connection with the conduct identified above. Carter was arrested on or about May 19, 2022, presented before the Hon. Judith C. McCarthy, U.S.M.J., and detained.

On or about June 6, 2022, a grand jury sitting in this District returned an Indictment charging Carter with one count of possessing ammunition knowing he had previously been convicted of a felony.

On October 19, 2022, Carter pled guilty pursuant to a *Pimentel* letter to the one-count Indictment.

## II. The Guidelines Calculation

The Probation Office calculates the applicable Guidelines range as follows:

Pursuant to U.S.S.G. § 2K2.1(a)(4)(A), the base offense level is 20 because the defendant committed the instant offense subsequent to sustaining one felony conviction of a crime of violence or a controlled substance offense—specifically, the defendant's October 5, 2012 conviction for criminal sale of a controlled substance in the third degree, in violation of NYPL 220.39(1). PSR at 6 ¶ 12, at 9 ¶ 31. Four levels are added pursuant to U.S.S.G. § 2K2.1(b)(6) because the defendant used and possessed ammunition in connection with another felony offense, to wit, reckless endangerment in violation of N.Y. Penal Law § 120.25. PSR at 6 ¶ 13. A three-level decrease for acceptance of responsibility is warranted pursuant to U.S.S.G. § 3E1.1. PSR at 6 ¶¶ 19-20. Therefore, the total offense level is 21. PSR at 6 ¶ 21.

According to the PSR, the defendant has eight criminal history points. PSR at 11 ¶ 36. Accordingly, the defendant is in criminal history category IV. PSR at 11 ¶ 37.

A total offense level of 21 and criminal history category IV yields an advisory Guidelines range of 57 to 71 months' imprisonment.

## III. Applicable Law

The Sentencing Guidelines continue to provide important guidance to sentencing courts following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). Though they are advisory and not mandatory, the Sentencing Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46 (2007). It follows that district courts should treat the Sentencing Guidelines as the "starting point and the initial benchmark" in sentencing proceedings. *Id.* at 49; *see also Booker*, 543 U.S. at 264 (explaining that district courts must "consult" the Sentencing Guidelines and "take them into account" when sentencing). Accordingly, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall*, 552 U.S. at 49.

After that calculation, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(l)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant;
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### IV.  A Guidelines Sentence Is Appropriate

A sentence within the applicable Guidelines range of 57 to 71 months' imprisonment would be sufficient, but not greater than necessary, to serve the purposes of sentencing.

*First*, a Guidelines sentence would reflect then nature and seriousness of the offense conduct, promote respect for the law, and the provide just punishment for the offense. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A).  Crimes involving firearms and ammunition are extremely serious; they endanger the safety of entire communities.  As the Second Circuit has explained, "[p]ossession of a gun greatly increases one's ability to inflict harm on others and therefore involves some risk of violence." *United States v. Dillard*, 214 F.3d 88, 93 (2d Cir. 2000).  The possession of guns or ammunition by those expressly prohibited from having them—particularly those, like Carter, who have a previous felony conviction—poses grave risks to public safety.

Importantly, Carter did not simply possess the ammunition in question.  To the contrary, in response to the slightest provocation, Carter obtained a gun, and then pulled it out and fired it into the air.  Someone, including Carter himself, could have been hurt or even killed.  The seriousness of that offense must be met with a serious punishment.

*Second*, a Guidelines sentence is necessary to promote general and specific deterrence. *See* 18 U.S.C. § 3553(a)(2)(B).  The defendant admitted to firing a gun on a city street at a time when illegal gun possession in the New York Metropolitan area has hit record levels.  A sentence within the Guidelines range here would help protect the public and send a strong signal that the illegal possession of firearms and ammunition will be dealt with seriously.

A Guidelines sentence is also necessary to specifically deter Carter himself. Carter has been in and out of prison since he was just 17 years old. As reflected in the PSR, Carter, now a 33-year-old man, has had a dozen prior convictions, many of which are not fully captured in his criminal history score because of the age of those convictions. Those prior brushes with the law clearly were insufficient to deter Carter from engaging in additional criminal activity. Importantly, moreover, this is not Carter's first firearms-related offense. In 2012, he was convicted of criminal possession of a weapon in the second degree, and received a sentence of 42 months' imprisonment. Even that serious sentence did not deter Carter from illegally possessing ammunition. This Court should impose a Guidelines sentence on Carter in the hopes that, this time, he will be deterred from reoffending yet again.

*Lastly*, and relatedly, a sentence within the applicable Guidelines ranges would account for the need to protect the public from future crimes of the defendant. *See* 18 U.S.C. § 3553(a)(2)(C). As described above, Carter has shown that he will reoffend, again and again; that he has a penchant for possessing and even using firearms; and that he has a complete lack of respect for authority. A Guidelines sentence will help to protect the public from the defendant during the time he is imprisoned.

## V. Conclusion

For the reasons set forth above, the Court should impose a sentence within the Guidelines range of 57 to 71 months' imprisonment.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By:  /s/ Stephanie Simon
Stephanie Simon
Assistant United States Attorney
Tel: (917) 232-4612

Cc:   Larry Sheehan, Esq.